Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII (DJ-2025-063B)

| MIGUEL FELICIANO AVILÉS Y OTROS<br><br>Apelantes<br><br>v.<br><br>SUCESIÓN JUAN BAUTISTA AVILÉS Y OTROS<br><br>Apelados | TA2026AP00483 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Caso Núm.: AG2024CV01889<br>Salón Núm.: 601<br><br>Sobre:<br>Usucapión |
|---|---|---|

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto y el Juez Campos Pérez.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de junio de 2026.

Comparece el señor Miguel Feliciano Avilés y la señora Carmen Cortés Ruiz mediante recurso de apelación y solicitan que revoquemos la *Sentencia* del Tribunal de Primera Instancia, Sala Superior de Aguadilla, emitida el 9 de marzo de 2026. En dicho dictamen, se desestimó la demanda de los apelantes. Por los fundamentos que expresaremos, revocamos la *Sentencia* recurrida.

En síntesis, el 12 de noviembre de 2024, los apelantes presentaron un recurso *ex parte* para solicitar al Tribunal de Primera Instancia que declarara su dominio, por usucapión, sobre dos (2) inmuebles ubicados en el Municipio de Aguada. Dichos inmuebles fueron adquiridos mediante la Escritura Núm. Veintiséis (26) del 3 de marzo de 1987, otorgada por los vendedores Víctor López Pérez y Ángela Avilés Avilés, y la Escritura Núm. Treinta y Dos (32) del 13 de

marzo de 1987, otorgada por los vendedores Miguel Feliciano Cabán y Emilia Avilés Avilés. Además, los apelantes describieron que tienen posesión de estas fincas a título de dueños, quieta, pública y pacíficamente, sin interrupción alguna por más de treinta (30) años. Por las circunstancias descritas, el Tribunal apelado ordenó a los apelantes a informar si están presentando una acción de usucapión o de expediente de dominio.

Por consecuencia de lo ordenado, los apelantes solicitaron al foro autorización para enmendar la petición a una demanda ordinaria contra la Sucesión Juan Bautista Avilés y toda persona ignorada y desconocida. Luego haberse emplazado a dichas partes mediante edictos y del Tribunal apelado anotar la rebeldía de la referida sucesión, se celebró una vista con los apelantes y su representación legal.

Evaluada la evidencia, el Tribunal apelado concluyó mediante *Sentencia* que los apelantes, al solicitar convertir la demanda a una ordinaria de usucapión, debieron instar la acción contra las personas que reconocían como dueñas de los solares sobre los cuales alegan recae su derecho, es decir, el señor Víctor López Pérez, la señora Ángela Avilés Avilés, el señor Miguel Feliciano Cabán y la señora Emilia Avilés. Estimó que al no cumplir con los criterios del Artículo 185 de la Ley Núm. 2010-2015, *supra*, correspondía la desestimación de la demanda. Ante la solicitud de reconsideración de la parte apelante, dicho foro resolvió sin lugar.

Insatisfechos, los apelantes recurren ante este Tribunal y alegan que el Tribunal de Primera Instancia erró al (1) desestimar la demanda de usucapión aplicando los requisitos del expediente de dominio del Artículo 185 de la Ley Núm. 210-2015, en lugar de evaluar el pleito

como una acción contenciosa de usucapión regulada por el Código Civil; y (2) al no evaluar los elementos de la usucapión a la luz de los hechos admitidos por la rebeldía y de la prueba documental no controvertida que acreditaba una posesión pública, pacífica, continua y en concepto de dueño por más de treinta (30) años. Además, los apelantes solicitan que ordenemos la inscripción de los inmuebles en el Registro de la Propiedad. Sin el beneficio de la oposición de la parte apelada, resolvemos.

Vale recordar que nuestro ordenamiento define la inmatriculación como aquel ingreso de una finca en el Registro de la Propiedad, acto que normalmente se efectúa mediante la primera inscripción de dominio a favor del inmatriculante. *Ex parte Román Quiles*, 2025 TSPR 45, 215 DPR ___ (citando a *Ex parte Torres Pérez*, 2025 TSPR 5, 215 DPR ___ (2025)). El expediente de dominio es el trámite judicial que, de ordinario, es de jurisdicción voluntaria o ex parte utilizado para los casos en que el propietario carece de título inscribible de dominio. Íd. (citando al Artículo 185 de la Ley Núm. 210-2015 (30 LPRA sec. 6291)). Por su naturaleza declarativa de derechos, el procedimiento se mantendrá como uno voluntario en la medida que no se genere una contienda entre las partes conocidas y determinadas y, por tanto, no equivaldrá a una acción declaratoria de usucapión. Íd. (citando a *Álvarez Rivera v. Registrador*, 84 DPR 229 (1961); *Benítez v. Registrador*, 71 DPR 563 (1950)). Véase Art. 191 de la Ley Núm. 210-2015 (30 LPRA sec. 6297).

En tal contexto, la Ley Núm. 210-2015 dispone que el promovente deberá notificar personalmente o por correo certificado con copia de su escrito al (1) Alcalde del municipio en que radiquen los

bienes; (2) Secretario de DTOP; (3) Fiscal de Distrito; y (4) a las personas que están en la posesión de las fincas colindantes. Art. 185 de la Ley Núm. 210-2015 (30 LPRA sec. 6291). Igualmente, el foro primario ordenará la citación personal del (1) inmediato anterior dueño o sus herederos si fueren conocidos en caso de no constar en escritura pública la transmisión, entendiéndose como inmediato anterior dueño, en el caso que los promoventes sean herederos, aquel de quien el causante adquirió la propiedad; y (2) los que tengan cualquier derecho real sobre la finca objeto del procedimiento. Íd. No obstante, dicho foro ordenará la citación mediante edicto (1) de las personas ignoradas o desconocidas a quienes pueda perjudicar la inscripción solicitada; y (2) de los que están ausentes. Íd. Tales edictos se publicarán en tres (3) ocasiones dentro del término de veinte (20) días en un periódico de circulación general diaria en Puerto Rico. Íd.

Por otro lado, nuestro ordenamiento permite la adquisición del dominio y de todos los derechos reales en virtud de la prescripción adquisitiva o usucapión, para lo cual es necesario que la cosa o derecho sea susceptible de apropiación por un tiempo determinado y según las condiciones que dicta la ley. Arts. 1830 y 1836 del Código Civil de 1930, 31 LPRA ant. secs. 5241, 5247.[1] Véase, también, *Bravman, González v. Consejo de Titulares*, 183 DPR 827 (2011) (citando J.R. Vélez Torres, *Los bienes y los derechos reales*, Madrid, Ed. Offirgraf, 1983, T. II, pág. 263). En caso de bienes inmuebles, el dominio sobre la misma prescribe por la posesión de diez (10) años cuando el individuo lo posee de forma pública, pacífica, en concepto de dueño,

---

[1] Por el término prescriptivo de usucapión haber transcurrido antes del Código Civil de 2020 entrar en vigor, estaremos utilizando el Código Civil de 1930 para fundamentar nuestros argumentos. Véase Art. 1814 del Código Civil de 2020, 31 LPRA sec. 11719.

de buena fe y con justo título. Arts. 1841 y 1857 del Código Civil de 1930, 31 LPRA ant. secs. 5262 y 5278; *Bravman, González v. Consejo de Titulares*, *supra*. Tal buena fe debe entenderse por aquella creencia de que la persona de quien recibió la cosa era dueña de ella y podía transmitir su dominio, mientras que el justo título es aquel que legalmente baste para transferir el dominio o derecho real de cuya prescripción se trate, y cuya existencia nunca se presumirá. Arts. 1850, 1852 y 1854 del Código Civil de 1930, 31 LPRA ant. sec. 5271, 5273, 5275. La interrupción puede producirse por la citación judicial hecha al poseedor, aunque sea por mandato de tribunal o juez incompetente. Íd., ant. sec. 5266.

Transcurrido el plazo de diez (10) años, el adquirente de la propiedad podrá entablar una acción para que se le declare titular del derecho usucapido. Art. 795 del Código Civil de 2020, 31 LPRA sec. 8039.[2] Del adquirente recibir una sentencia favorable, dicha determinación será titulo para la inscripción del derecho en el registro respectivo y para cancelar el asiento a favor del antiguo titular. Íd.

En el presente caso, el Tribunal de Primera Instancia erró al desestimar la demanda de usucapión. Del expediente se desprende que el caso de epígrafe cambió de uno sobre expediente de dominio a uno ordinario sobre usucapión, por lo cual los criterios dispuestos en el Artículo 185 de la Ley Núm. 210-2015, *supra*, no le resultaban aplicables. Esto más aun cuando nuestro ordenamiento pone en claro que una causa de acción de expediente de dominio solamente puede existir como uno voluntaria y sin contienda entre partes, aspectos que

---

[2] Por lo dispuesto en la nota al calce anterior solamente aplicar al término prescriptivo, todo en cuanto a la inscripción de las propiedades se fundamentará al amparo del Código Civil de 2020.

no se encuentran en el caso de marras. Por tanto, no era necesario que la parte apelante o el Tribunal apelado citara al inmediato anterior dueño o sus herederos.

Así las cosas, y evaluado el expediente junta a la prueba presentada por los apelantes, no vemos razón por la cual no se deba declarar a los apelantes como dueños de los inmuebles en controversia. Los apelantes demostraron dos (2) escrituras públicas de compraventa que evidencian la transferencia de las propiedades a su poder y del expediente no surge razón por la cual dudar que los apelantes estuvieron en posesión de los inmuebles en concepto de dueños ni prueba que contradijera las alegaciones de los apelantes sobre que su posesión fue de manera continua, pública y pacífica. Por tanto, declaramos a los apelantes como dueños en pleno dominio de los predios y ordenamos la inscripción de los inmuebles tal como solicitado en el Registro de la Propiedad.

Por los fundamentos expresados, revocamos la *Sentencia* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones